UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER IVERSON,<br><br>and<br><br>A-I-D-L-,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary<br>of the Department of Homeland Security,<br><br>TERRI ROBINSON, as Director,<br>USCIS National Benefits Center,<br><br>and<br><br>BRUCE PAULIN, as Acting Director,<br>USCIS St. Louis Field Office,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Cause No. _____ |

## COMPLAINT FOR MANDAMUS

COME NOW Plaintiffs Jennifer Iverson and A-I-D-L-, a minor child, , by and through counsel, and in support of their claim for relief state as follows:

## INTRODUCTION

1. This is a civil action brought pursuant to 8 U.S.C. § 1329, 28 U.S.C. § 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff by which statutes jurisdiction is conferred, and to compel Defendants to perform a duty Defendants owe to Plaintiffs.

2. This action is brought to compel Defendants and those acting under them to rule upon the Petition for Alien Relative (I-130) filed by Plaintiff Iverson (IOE0930125448),

1

(**Exhibit A**) and Application for Adjustment of Status filed by Plaintiff A-I-D-L-(IOE0930125447) (**Exhibit B**) on or about February 12, 2025.

PARTIES

3.      Plaintiffs Jennifer Iverson and her minor daughter A-I-D-L- reside in St. Louis County, Missouri.  Plaintiffs are persons of good moral character and upstanding members of the community.  Plaintiffs are the petitioner of a pending Petition for Alien Relative (Form I-130) and Application for Adjustment of Status (Form I-485) filed on February 12, 2025.  **The petition and application have been pending before the USCIS for more than one year since filing with USCIS.**

4.      Defendant Kristi Noem is the Secretary of the Department of Homeland Security (DHS), with direct administrative and supervisory control of the United States Citizenship and Immigration Services (USCIS), a Federal Agency within the United States Department of Homeland Security, which is mandated under the law to supervise, implement, and enforce the Immigration and Nationality Act, including Petitions for Alien Relative, the type of filing involved in this case, and is charged under the law (8 U.S.C. Section 1103) with administering the Immigration and Nationality Act (INA). Defendant Terri Robinson is the Director for the National Benefits of USCIS, and is charged under the law (8 U.S.C. Section 1103) with administrating the INA.  The National Benefits Center of USCIS has initial jurisdiction over the petition and application and is charged to adjudicate it in a reasonable time or to transfer the same within a reasonable time to the St. Louis Field Office for interview and/or adjudication, for adjudications of petitions from aliens residing in the greater St. Louis area.  Defendant Bruce Paulin is the Acting Director of the St. Louis Field Office of the USCIS.  His

2

office has authority to adjudicate petitions and applications such as these that are transferred for interview or adjudication by the National Benefits Center. One or both of Ms. Robinson's and Mr. Paulin's offices have supervisory control of the petition and application and authority to adjudicate them. The Petition for Alien Relative and Application for Adjustment of Status were originally filed with the USCIS National Benefits Center (Receipt Nos. IOE0930125448 and IOE0930125448). The case remains pending.

### JURISDICTION

5.    This Court has jurisdiction over the present action under 28 U.S.C. Section 1331, Federal Question Jurisdiction (this action being one that arises under the Constitution and the laws of the United States, specifically the Immigration and Nationality Act (INA), Section 245, et seq. [8 U.S.C. Section 1255, et seq.], 5 U.S.C. Section 555 et seq., and the Fifth Amendment to the U.S. Constitution; 28 U.S.C. Section 1651, the All Writs Act, 28 U.S.C. 1346, the Federal Tort Claims Act, 28 U.S.C. Section 2201, the Declaratory Judgment Act; 5 U.S.C. Section 702, the Administrative Procedures Act; 28 U.S.C. Section 1361, regarding the action to compel an officer of the United States to perform his duty; and 8 U.S.C. Section 1329, the INA for jurisdiction of this court over actions arising under said Act.

### VENUE

6.    28 U.S.C. Section 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of authority, or any agency of the United

States, the action may be brought in any judicial district in which the defendant in the action resides. Defendant USCIS is an agency which operates within the district, having a field office which is under the direct authority of Defendant Paulin as Acting Director. Defendants Robinson and Paulin have authority in this capacity over the regular conduct of adjudication of petitions for alien relative and applications for adjustment of status— principally in adjudications and possible interviews for petitioners residing in the Eastern District of Missouri. Venue properly lies with the Eastern District of Missouri, United States District Court.

## PRELIMINARY STATEMENT

7.     Plaintiffs Jennifer Iverson and A-I-D-L-, as provided by law, filed a Petition for Alien (Form I-130) and Application for Adjustment of Status on or about February 12, 2025. Defendants have engaged in unlawful conduct. Defendants have refused to adjudicate Plaintiff's Application without regard to when it was filed. A reasonable processing time for like applications is between eight to twelve months. However, Plaintiff's applications have been held without adjudication for over *one year* without justification.

## FACTUAL ALLEGATIONS

8.     On or about February 12, 2025, Plaintiffs filed a Petition for Alien Relative (Form I-130) and Application for Adjustment of Status (Form I-485) with Defendants.

9.     Plaintiffs filed the relevant paperwork pursuant to the provisions of the Immigration and Nationality Act (INA). The matter has now been pending for more than one year since filing.

4

10.     Despite attempts by Plaintiffs to secure adjudication, Defendants have not adjudicated the Petition and Application in more than one year since they were filed.  Nor have Defendants scheduled the matter for interview.

11.     Plaintiffs' Petition and Application have not been adjudicated in more than a year. The average processing time for the adjudication of Form I-130 is between 8 to 12 months –exceeding this period is manifestly unreasonable.  Defendants have engaged in unlawful conduct by refusing to adjudicate Plaintiffs' case.

12.     Plaintiff A-I-D-L- was previously adopted and Plaintiff Jennifer Iverson's former husband resides outside of the United States.  Plaintiff A-I-D-L- is not able to secure necessary travel documentation to visit her father until this matter is adjudicated.  Should Plaintiff A-I-D-L- be granted adjustment of status, she will immediately become a United States citizen by operation of law, and should the Plaintiffs' Petition and Application not be adjudicated the family will suffer irreparable harm.

<u>PRAYER FOR RELIEF</u>

Defendants willfully and unreasonably have delayed and have refused to adjudicate the Petition for Alien Relative (Form I-130) and Application for Adjustment of Status (Form I-485) filed on or about February 12, 2025.  Therefore, Plaintiffs have been deprived of the right to have their Petition and Application adjudicated to obtain Plaintiff A-I-D-L-'s lawful permanent residence and immediate US citizenship as a result; furthermore, Plaintiffs are unable to obtain that peace of mind to which Plaintiffs are entitled under the Immigration and Nationality Act.  Defendants owe Plaintiffs the duty to act upon the Petition and Application in question and they have unreasonably failed to perform that duty.  Plaintiffs have exhausted any administrative remedies that may exist.

---

WHEREFORE, Plaintiffs pray that the Court:

(1)    Accept and maintain continuing jurisdiction of this action;

(2)    Compel Defendants and those acting under them to perform their duty to act upon the Petition for Alien Relative (Form I-130) and Application for Adjustment of Status within the next sixty (60) days;

(3)    Award Plaintiffs the cost of this action, including fair and reasonable attorney's fees as provided in the Equal Access to Justice Act; and

(4)    Grant such other and further relief this Court deems proper under the circumstances.

Respectfully submitted,

/s/ Timothy E. Wichmer

---

Timothy E. Wichmer
Wichmer & Groneck, LLC
15400 South Outer 40 Rd., Ste. 104
Chesterfield, MO 63017
314-863-1212
314-727-2882 fax
Attorney for Plaintiff